IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES CARSON, # B-04516, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ILLINOIS DEPT. OF CORRECTIONS, ) <br> ROBINSON CORRECTIONAL CTR., ) <br> WEXFORD MEDICAL DEPARTMENT, ) <br> VIPIN SHAH, ) <br> PHILLIP MARTIN, ) <br> and MONICA CARRELL, ) <br> ) <br> Defendants. ) | Case No. 18-cv-1070-NJR |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under Section 1915A.

## The Complaint

Plaintiff alleges that he suffers from an eye condition (which he does not name) that has caused his eyesight to deteriorate. (Doc. 1, p. 5). While he was in the Cook County Jail, he was referred to Stroger Hospital for treatment with shots in his eyes. The doctor there told Plaintiff that if he did not get those shots, he would go blind. *Id.* According to Plaintiff, the IDOC and "Wexford Medical Department" have medical records documenting Plaintiff's treatment at

Stroger Hospital.

In July 2017, Plaintiff was transferred to Robinson. He has seen a doctor several times, and was taken to an outside hospital, but he has never been given the shots that he needs to prevent blindness. (Doc. 1, pp. 4-5). His eyes have become worse, and for nine months Plaintiff has never been sent to an outside doctor for the injections he needs. Plaintiff alleges that he has asked for help numerous times, but help has been denied. (Doc. 1, p. 5).

In the "Grievance Procedure" section of the form Complaint, Plaintiff states that he talked to Martin (the Robinson Health Care Administrator) about a referral. Martin told Plaintiff "it was up to Springfield" to approve his treatment. (Doc. 1, p. 4). Dr. Shah repeated this same information when Plaintiff spoke to him. *Id.*

Plaintiff appears to be seeking injunctive relief to be given treatment for his eye condition, as well as money damages. (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Eighth Amendment deliberate indifference claim against Martin and Shah, for failing to pursue timely authorization for Plaintiff to receive specialist treatment for his serious eye condition;

**Count 2:** Claims against the Illinois Department of Corrections, Robinson Correctional Center, Wexford Medical Department, and Carrell, in connection with Plaintiff's need for specialist treatment for his serious eye condition.

For the reasons explained below, Count 1 shall proceed for further review in this action. Count 2 and the defendants related to that claim shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1 – Deliberate Indifference – Martin and Shah**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities, has "been diagnosed by a physician as mandating treatment," or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes an eye condition that has been diagnosed by a physician as needing ongoing treatment in order to prevent blindness. He further states that his eyesight has

become worse over the past nine months without the injections. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the various Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

Plaintiff allegedly requested treatment from both Martin and Shah during the time he has been under their care at Robinson. He claims that his medical records document the nature of his condition and the need for treatment. With each of these Defendants having told Plaintiff that some unidentified person or entity in "Springfield" must approve Plaintiff's outside treatment with the eye injections, the Complaint suggests that Martin and Shah are aware of his condition and have made some effort to obtain treatment for Plaintiff. (Doc. 1, p. 4). However, a delay of nine months, during which Plaintiff has not received the injections that are allegedly necessary to prevent further loss of sight, is of great concern. This delay, according to Plaintiff, has allowed his condition to worsen. These allegations are sufficient to state a deliberate indifference claim against Martin and Shah that merits further review, thus Plaintiff may proceed with **Count 1**.

### Dismissal of Count 2 – Institutional Defendants and Carrell

Plaintiff lists the IDOC, Robinson Correctional Center, Wexford Medical Department, and Carrell (Robinson Counselor) in the caption of his Complaint and in his list of parties. (Doc. 1, pp. 1-2). He makes no factual allegations against any of these Defendants in the body of his Complaint, however, with the exception of his statement that IDOC and Wexford Medical Department have his medical records. (Doc. 1, pp. 4-6).

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P.

8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For this reason, each of the Defendants listed under Count 2 must be dismissed from the action.

Furthermore, even if Plaintiff had included allegations of wrongdoing against the IDOC or Robinson Correctional Center, he could not maintain a civil rights suit for damages against these entities. The IDOC is a state government agency, and the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same). Likewise, the Robinson Correctional Center, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will*, 491 U.S. at 71. For these reasons, the Robinson Correctional Center and the IDOC shall be dismissed from this action with prejudice.

Wexford Medical Department (which the Court presumes is a reference to Wexford Health Sources, Inc.) may be sued in a Section 1983 case, but it may only be held liable if certain criteria are met. Wexford Health Sources, Inc., ("Wexford") is a corporation that employs most prison medical providers (such as Dr. Shah and possibly Martin) and provides medical care at Illinois prisons, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a

constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc*., 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). Here, Plaintiff has included no allegations whatsoever against Wexford (other than stating that they have his medical records), let alone any facts suggesting that a Wexford policy or practice caused him to be denied medical care in violation of the Eighth Amendment. Wexford Medical Department shall therefore be dismissed from the action without prejudice.

**Count 2** shall be dismissed without prejudice.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED as moot**. No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on all defendants who remain in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The **ILLINOIS DEPARTMENT OF CORRECTIONS** and **ROBINSON CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice. **WEXFORD MEDICAL DEPARTMENT** and **MONICA CARRELL** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for **SHAH** and **MARTIN**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 6, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**