IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES CARSON,<br><br>                Plaintiff,<br><br>v.<br><br>VIPIN SHAH and PHILLIP MARTIN,<br><br>                Defendants. | Case No. 3:18-CV-1070-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motions for summary judgment on the issue of exhaustion of administrative remedies filed by Defendant Dr. Vipin Shah (Doc. 31) and Defendant Phillip Martin (Doc. 50). For the reasons set forth below, the motions are denied.

## BACKGROUND

Plaintiff James Carson, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 7, 2018 (Doc. 1). Carson alleges Martin, the Health Care Unit Administrator, and Dr. Shah violated his constitutional rights when they failed to treat his serious eye condition (*Id.*). Specifically, Carson claims that a doctor told him he needed shots in his eyes or he would go blind. Yet, despite Carson's pleas for treatment, Defendants never sent him to a doctor for the injections (*Id.*). As a result, his eyesight has gotten worse (*Id.*).

After preliminary review of Carson's Complaint pursuant to 28 U.S.C. § 1915A,

the undersigned found Carson stated one claim for Eighth Amendment deliberate indifference against Martin and Dr. Shah for failing to pursue timely authorization for Carson to receive specialist treatment for his serious eye condition (Doc. 7).

Defendants now move for summary judgment, arguing that Carson failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* Because there are no material facts in dispute in this case, an evidentiary hearing is not required. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (instructing district courts to conduct a hearing to resolve factual disputes as to whether a plaintiff has exhausted his remedies).

## FINDINGS OF FACT

On March 31, 2017, a doctor at the Cook County Health and Hospitals System diagnosed Carson with glaucoma in both eyes and a branch retinal vein occlusion in his right eye (Doc. 54-1). Carson was prescribed eye drops for his glaucoma and began receiving injections to treat the branch retinal vein occlusion in his right eye (*Id.*).

Carson arrived at Robinson Correctional Center in July 2017 (*Id.*). Dr. Shah prescribed Carson glaucoma eye drops on August 12, 2017 (*Id.*). On February 8, 2018, Carson filed a grievance "in regards of me being denied medical treatment for my eye sight." (Doc. 32-1 at p. 3). Carson stated that he had seen "the doctor" a few times but had not had any shots in his eyes since being at Robinson, his eyesight was getting worse, and everything was looking gray and blurry (*Id.*). As relief, Carson requested (1) to know why he was not getting his shot in his eye; (2) his shot in his eye; and (3) to be compensated for being denied treatment for a serious medical need (*Id.*).

The counselor responded on February 13, 2018, indicating Carson had been seen

by an off-site ophthalmologist, whose recommendations for medication were being followed. Furthermore, Carson was scheduled to see the optometrist in the near future (*Id.*). Based on that information, on March 8, 2018, the Grievance Officer found the grievance should be denied because proper protocol was being followed (*Id.* at p. 2). The Chief Administrative Officer concurred in the denial on March 13, 2018 (*Id.*). Carson did not appeal the grievance denial to the Director of the IDOC through the Administrative Review Board (ARB).

On February 22, 2018, Carson wrote a second grievance complaining about the lack of treatment for his eye, but did not name or identify any person involved (Doc. 32-1 at p. 6). Carson stated that he had fluid leaking in his eye, which is why he needed the shot (*Id.*). Without it, he was progressively losing his sight and running into things (*Id.*). Additionally, Carson complained that the lack of treatment was causing him to rub his eye frequently, and it was red and uncomfortable (*Id.*). As relief, Carson sought to get the shot needed for his eye, to be compensated for cruel and unusual punishment, and to know why he had not been treated (*Id.*).

The counselor responded on February 26, 2018, explaining that Carson had been seen by the optometrist and is on medication for glaucoma (*Id.* at p. 5). He also had been referred back to the optometrist (*Id.*). Based on this information, on March 16, 2018, the Grievance Officer recommended that the grievance be denied, as Carson was receiving ongoing treatment. The Grievance Officer further noted that while Carson previously was seen by an outside optometrist in Effingham, Illinois, that provider was no longer treating inmates. Accordingly, Carson would be scheduled and seen at the Carle Clinic

based on availability (*Id.*). The Chief Administrative Officer concurred in the denial on March 19, 2018 (*Id.*). This grievance also was not appealed to the ARB.

On April 12, 2018, eye doctors at the Carle Foundation Hospital examined Carson, explained his ocular diagnoses, instructed him to continue using his eye drops, and scheduled him for cataract removal surgery (*Id.*). On May 17, 2018, Carson began receiving periodic injections for the branch retinal vein occlusion in his right eye (*Id.*).

## LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

### B. Prison Litigation Reform Act

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to

his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. *Id.* § 504.810(c).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer within two months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The Chief Administrative Officer then advises the inmate of a decision on the grievance. *Id.* If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. *Id.* § 504.850. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. *Id.*

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust prior to commencing federal litigation. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). If the inmate fails to exhaust before filing suit, the district court must dismiss the suit or any

claims not fully exhausted. *See Jones v. Bock*, 549 U.S. 199, 223 (2007).

## DISCUSSION

Defendants both argue that while Carson wrote two grievances in February 2018 related to the events alleged in his Complaint, he did not pursue either grievance to the highest level of administrative review. That is, he never appealed the denial of his grievances to the ARB. Defendant Martin, the Health Care Unit Administrator at Robinson, also argues that the grievances did not identify him or include any other descriptive language that would allow a reasonable individual to be able to identify him as the subject of the grievance.

In response, Carson does not dispute that he filed two grievances with officials at Robinson Correctional Center in February 2018 but did not appeal them to the ARB. Although the grievances were denied, Carson argues, he received the relief he requested when he was sent to an ophthalmologist at Carle Foundation Hospital on April 12, 2018. Thereafter, eye doctors at Carle treated Carson for his glaucoma, performed surgery, and began periodic injections for his branch vein retinal occlusion in his right eye on May 17, 2018. Since he received the relief he requested through the grievance process, Carson argues, no further relief was available to him and he was not required to pursue the grievances any further. Furthermore, although the grievances did not name or describe Martin, they served their function of notifying prison officials that he was not receiving necessary treatment for his eye conditions. Carson claims the absence of Martin's name or description is a "mere technical defect" that did not prevent him from exhausting his administrative remedies.

In *Thornton v. Snyder*, the Seventh Circuit clarified that while the PLRA requires

exhaustion of "all available" remedies, that requirement does not mean an inmate must appeal grievances that were resolved as requested and where money damages were not available. *Thornton v. Snyder*, 428 F.3d 690, 695–96 (7th Cir. 2005). Here, although Carson's grievances were technically denied, the Court finds that Carson received the relief he was requesting and therefore did not need to appeal the denial of those grievances. Carson's first grievance was denied by the Chief Administrative Officer on March 13, 2018. Carson then had 30 days to appeal the denial of that grievance. On April 12, 2018—day 30—Carson was seen by an offsite specialist for treatment of his eye conditions (Doc. 54-2 at pp. 18-22). Thus, the Court finds that Carson received the relief he was seeking—medical treatment for his eye condition—within the timeframe for appealing the denied grievances to the ARB. As a result, there were no further remedies available to Carson at the institutional level and he is deemed to have exhausted his administrative remedies.

Furthermore, even though Carson did not specifically name Martin, he provided sufficient information to put the prison on notice that his serious health needs were not being addressed. *See Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010) ("Grievances are intended to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit.").

It is true that Section 504.810(c) of the Illinois Administrative Code requires grievances to include factual details including "the name of each person who is the subject of or who is otherwise involved in the complaint" or "as much descriptive information about the individual as possible." § 504.810(c). That requirement also is echoed on the grievance forms used by Carson, which specifically instructed him to

include "the name or identifying information for each person involved" (Doc. 56-1). But the February 8, 2018 grievance was directed at a person in charge of medical files, as it stated "*you* have my medical file to see that I have been going out to get this shot to see better since Jan 2017" (Doc. 32-1 at p. 3) (emphasis added). And Martin, as the Administrator of the Health Care Unit, would have had those records. Indeed, Martin provided the response to the counselor noting that Carson had seen the ophthalmologist and was scheduled to see the optometrist (Doc. 51-1 at p. 6). Furthermore, the grievance was never rejected as procedurally improper and was decided on the merits. *See Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (argument that defendants were not identified must fail where grievance was rejected on the merits at every stage of review without any indication it was procedurally deficient). Accordingly, the Court rejects Martin's argument that he was not sufficiently identified in Carson's grievances.

## CONCLUSION

For these reasons, the Motion for Summary Judgment filed by Defendant Dr. Vipin Shah (Doc. 31) is **DENIED**, and the Motion for Summary Judgment filed by Defendant Phillip Martin (Doc. 50) is **DENIED**.

This case shall now proceed to discovery on the merits of Carson's claim of deliberate indifference against Martin and Dr. Shah.

**IT IS SO ORDERED.**

**DATED:** June 3, 2019

 *s/Nancy J. Rosenstengel*
 **NANCY J. ROSENSTENGEL**
 **Chief U.S. District Judge**